IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTINA CRUZ, as Guardian Ad Litem
for JANE DOE 2, a minor child,

    Plaintiff,

v.                                                                                      1:25-cv-00306-KG-JMR

BOARD OF EDUCATION OF
ALBUQUERQUE PUBLIC SCHOOLS,
DANNY ALDAZ, and
PALOMA ARANDA,

    Defendants.

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO
ALLOW CASE TO PROCEED ANONYMOUSLY THROUGH A PSEUDONYM**

THIS MATTER comes before the Court on Plaintiff's Unopposed Motion to Allow Case to Proceed Anonymously Through a Pseudonym. Doc. 23. Therein, plaintiff, a minor, requests to proceed anonymously through the pseudonym of "Jane Doe 2,"[1] as opposed to her initials. *See* FED. R. CIV. P. 5.2(a)(3) (A filing including "the name of an individual known to be a minor . . . may include only . . . the minor's initials."). Plaintiff's motion is hereby GRANTED.

Plaintiff explains that this case is "highly sensitive and personal" in nature. Doc. 23 at 1. It arises out of alleged sexual abuse plaintiff suffered at the hands of her teacher, Danny Aldaz, while in the second grade. Plaintiff argues that she may suffer potential "injury should her identity be disclosed to fellow students, teachers, and public at-large due to her ongoing status as a student of Defendant Albuquerque Public Schools." *Id.* at 2. She also adds that "Defendants know the identity of Jane Doe 2 and the anonymity requested will not affect Defendants' ability and right to fully investigate and defend this lawsuit." *Id.*

---

[1] Plaintiff's complaint identifies Jane Doe as another victim of Mr. Aldaz who is not directly involved in this case. *See* Doc. 1-1 at 2.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n,* 886 F.2d

at 1245). If the court grants permission, the court often requires the anonymous plaintiff to disclose his or her real name to defendants and to the court under seal while permitting the plaintiff to use his or her initials in all other filings. *Id*. If the court does not grant permission, it may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id*.

      In this case, the Court finds that plaintiff has met her burden of showing that her need for anonymity outweighs the public interest in favor of openness. The Court agrees with plaintiff that her allegations of sexual abuse as a minor are of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. Judges in this Court have allowed cases involving claims of sexual abuse against minors to proceed anonymously, even where plaintiffs were no longer minors at the time of litigation. *See Doe v. Sisters of Saint Francis of Colorado Springs*, No. 20cv907 WJ-LF, Doc. 62 at 6 (D.N.M. Feb. 19, 2021) (allowing plaintiffs, now in their fifties and sixties, to proceed anonymously in case alleging childhood sexual abuse due to privacy interests and "highly sensitive" disclosures). Moreover, this Court has allowed other alleged victims of Mr. Aldaz to proceed anonymously. *See Valdez v. Board of Education of Albuquerque*, No. 1:21-cv-01199-KK-LF, Doc. 26 (D.N.M. Apr. 4, 2022); *J.O. v. Board of Education of Albuquerque*, 1:23-cv-01021-KG-JMR, Doc. 15 (D.N.M. Jan. 17, 2024). Granted, in these other cases, the minor plaintiffs are typically identified by their initials, as authorized under Rule 5.2(a)(3). However, the Court does not see a meaningful difference between allowing plaintiff to proceed via initials versus as a Jane Doe, so long as she is identifiable from the court record. Given plaintiff's active status as a student enrolled with Albuquerque Public Schools and the egregious, personal allegations in this case, the Court finds that plaintiff's need for anonymity outweighs the public interest in favor of openness.

In addition, the Court observes that defendants are not opposed to plaintiff proceeding anonymously. The Court sees no prejudice to defendants: defendants know the identity of plaintiff and are not hampered in their efforts to investigate and defend against plaintiff's allegations. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name). The Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public.

The Court hereby GRANTS plaintiff's Unopposed Motion to Allow Case to Proceed Anonymously Through a Pseudonym. Doc. 23. "If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). **The Court therefore orders plaintiff to file, no later than June 30, 2025, a version of the complaint under seal that places on the record the plaintiff in her real name as the party in interest.** In all other filings, plaintiff may proceed as "Jane Doe 2."

*[signature: Jennifer M. Rozzoni]*
JENNIFER M. ROZZONI
United States Magistrate Judge

4